# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVINDER SINGH GILL,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 1:26-cv-04484-JLT-EPG-HC<br>ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE TRAVERSE AFTER DEADLINE<br>(ECF No. 10)<br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br>(ECF No. 1) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends denying the petition for writ of habeas corpus.

## I.

## BACKGROUND

Petitioner is a citizen of India who entered the United States on May 5, 2022 without inspection. Petitioner was briefly arrested and then released on his own recognizance. On May 8, 2022, the Department of Homeland Security ("DHS") issued a notice to appear, charging Petitioner as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Petitioner subsequently filed for asylum. (ECF No. 1 at 4.[1])

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

On September 10, 2024, Petitioner was convicted of driving under the influence of alcohol and driving with a blood alcohol content over .15%. On September 29, 2025, Petitioner was scheduled for an U.S. Immigration and Customs Enforcement ("ICE") visit in San Francisco and was detained. (ECF No. 1 at 5.)

On January 21, 2026, Petitioner filed his first petition for writ of habeas corpus in this Court. Petition, Gill v. Chestnut, No. 1:26-cv-00521-JLT-EPG, ECF No. 1. On March 5, 2026, the undersigned issued findings and recommendation to direct Respondents to provide Petitioner with an individualized hearing before an immigration judge where the government must prove by clear and convincing evidence that Petitioner is a flight risk or a danger to the community to justify detention. Gill v. Chestnut, No. 1:26-cv-00521-JLT-EPG-HC, 2026 WL 618247, at *5 (E.D. Cal. Mar. 5, 2026).

Petitioner filed the findings and recommendation with the immigration court, which interpreted the recommendation as a temporary restraining order and held a bond hearing for Petitioner on March 17, 2026. The immigration judge ("IJ") denied bond. (ECF No. 1 at 5.) On April 30, 2026, the assigned district judge adopted the findings and recommendation, granted the petition, found that no further relief was warranted, and denied Petitioner's request for release. Gill v. Chestnut, No. 1:26-cv-00521 JLT EPG (HC), 2026 WL 1174512 (E.D. Cal. Apr. 30, 2026). With respect to Petitioner's challenge to the March 17, 2026 bond hearing, the district judge stated:

> A review of the bond hearing recording establishes that the immigration judge expressly noted multiple times that DHS bore the clear-and-convincing burden of proof, and there is no indication that "something [was] amiss." *Martinez*, 124 F.4th at 785. To the extent "Petitioner challenges the sufficiency of the evidence supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached ... [c]omplaints about the conclusion the IJ reached must be presented through the normal immigration appeal process." *C.A.R.V.*, 2026 WL 241823, at *9.

Gill, 2026 WL 1174512, at *1.

On June 11, 2026, Petitioner filed his second petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1.) On July 15, 2026, Respondents filed a

response. (ECF No. 9.) On October 26, 2026, Petitioner filed a traverse and a motion for leave to file traverse after deadline.[2] (ECF No. 10.)

## II.

## DISCUSSION

In the petition, Petitioner asserts that his ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment and violates 8 U.S.C. § 1231. (ECF No. 1 at 22–23.) In the traverse, Petitioner concedes that his second claim for relief under § 1231(a) is premature and withdraws it without prejudice. (ECF No. 10 at 2.)

### A. Exhaustion

Respondents argue that the petition should be dismissed for failure to exhaust administrative remedies because Petitioner did not appeal the IJ's bond denial to the Board of Immigration Appeals. (ECF No. 9 at 3.)

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Courts may require prudential exhaustion if":

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

[2] In the interest of justice, the Court will grant leave to file the traverse after the deadline.

Respondent's exhaustion argument relies on Petitioner not pursuing an appeal of the IJ's bond hearing decision. However, Petitioner clarifies that the petition challenges detention that has continued since the prior judgment, not the March 17 bond decision. (ECF No. 10 at 3–4.) The instant petition does not challenge any bond hearing decision but rather raises a prolonged detention due process claim. "The prudential exhaustion requirement does not preclude review of the petition. Petitioner raises a constitutional claim regarding his detention . . . and the immigration court does not have jurisdiction to address constitutional issues." Arikapudi v. Andrews, No. 1:26-cv-05805-KES-EGC (HC), 2026 WL 2368115, at *2 (E.D. Cal. Aug. 16, 2026). Accordingly, the undersigned recommends finding that any prudential exhaustion requirement should be waived and dismissal is not warranted on this ground.

**B. Prolonged Detention**

The parties agree that Petitioner is subject to discretionary detention under § 1226(a). (ECF No. 9 at 3; ECF No. 10 at 2.) "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration," and the Ninth Circuit has held that 8 U.S.C. § 1226(a), which "offers substantial procedural protections to detained persons," is not facially unconstitutional. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193–94 (9th Cir. 2022). In Rodriguez Diaz, the Ninth Circuit denied the petitioner's prolonged detention claim and held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing. 53 F.4th at 1207–14.

Petitioner argues that Rodriguez Diaz "upheld the § 1226(a) process in part because that process allows further review: an appeal to the Board and a new hearing when circumstances change materially[,]" but that "[t]hose safeguards have not worked as intended for Petitioner" because the "appeal route no longer exists. Petitioner's March 17 hearing was ordered and conducted under this Court's standards, not the regular regulatory process, and the time to appeal it to the Board ran in April 2026." (ECF No. 10 at 6.) Although this Court may have ordered the bond hearing, the regular administrative appeal process to challenge the IJ's bond denial was available to Petitioner, who chose not to pursue the regular administrative appeal process.

Petitioner further argues:

> The regulations permit a detainee to ask the immigration judge for a further custody redetermination, but only in writing and only on a showing that his "circumstances have changed materially" since the last one. 8 C.F.R. § 1003.19(e). That motion would not give Petitioner the hearing due process requires; it would give him the hearing the Court already found inadequate. In the regulatory process the burden sits on the noncitizen to prove he is neither a flight risk nor a danger. *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006); *Matter of Adeniji*, 22 I&N Dec. 1102, 1112–13 (BIA 1999). In March this Court ordered a hearing at which the Government carried that burden by clear and convincing evidence precisely because the regulatory allocation did not satisfy the Fifth Amendment for a detainee held as long as Petitioner had been. Nothing in § 1003.19(e) would carry that ruling forward. A motion under the regulation would return Petitioner to the immigration judge with the burden on him. The only "changed circumstance" he could point to is more months in custody and a removal order on appeal, which is the kind of development immigration judges routinely treat as insufficient. *Rodriguez Diaz* assumed a petitioner who could still use the ordinary § 1226(a) machinery. Petitioner's hearing was ordered by this Court, outside that machinery, and the machinery offers no path back to the standard the Court set.

(ECF No. 10 at 6.)

Petitioner mischaracterizes this Court's previous ruling as "order[ing] a hearing at which the Government carried that burden by clear and convincing evidence precisely because the regulatory allocation did not satisfy the Fifth Amendment *for a detainee held as long as Petitioner had been*." (ECF No. 10 at 6 (emphasis added).) This Court's previous ruling was not based on the length of Petitioner's detention but rather "the liberty interest created by the fact that the Petitioner in this case was released on recognizance[.]" Gill, 2026 WL 618247, at *2 (internal quotation marks omitted). Further, the Cout did not previously find that § 1226(a)'s procedures were constitutionally inadequate as applied to Petitioner. That issue was not before the Court during Petitioner's first habeas proceeding because Respondents' position was that § 1225(b) was the applicable detention authority. See Gill, 2026 WL 618247, at *2.

Petitioner has not established that his case is distinguishable from Rodriguez Diaz, and he has been detained for seven months after his first bond hearing, half of the fourteen months in Rodriguez Diaz. Accordingly, the undersigned recommends finding that Petitioner is not entitled to relief on his prolonged detention due process claim.

## III.

## ORDER & RECOMMENDATION

Petitioner's motion for leave to file traverse after deadline (ECF No. 10) is GRANTED.

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus (ECF No. 1) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 30, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE